# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>      *Plaintiff,*<br><br>   v.<br><br>AEUNZN, et al,<br><br>      *Defendants.* | **CIVIL ACTION NO.**<br>**21-cv-9613 (JLR)**<br><br><br>**<u>RESTRAINING</u>**<br>**<u>NOTICE</u>** |

To:  Amazon.com, Inc.
    410 Terry Ave N.
    Seattle, WA 98109

  **WHEREAS**, in the above-captioned action, filed by Off-White LLC as Plaintiff ("Plaintiff") in the United States District Court of the Southern District of New York, on July 3, 2024 judgment (Docket No. 62, attached) was entered in favor of Plaintiff in the following amount:

$75,000.00 against Defendant AEUNZN
$75,000.00 against Defendant Cfotoyo
$75,000.00 against Defendant chuantaidianpu
$75,000.00 against Defendant duocaile
$75,000.00 against Defendant fanson
$75,000.00 against Defendant FashionFront1
$75,000.00 against Defendant greenlifepro
$75,000.00 against Defendant GUZDGD2
$75,000.00 against Defendant HAIBOYIBO
$75,000.00 against Defendant jeeplo
$75,000.00 against Defendant Jintai Business
$75,000.00 against Defendant KINYBABY
$75,000.00 against Defendant Lychee Tree
$75,000.00 against Defendant mmango
$75,000.00 against Defendant orag
$75,000.00 against Defendant POLICO Store
$75,000.00 against Defendant Pptabold-US
$75,000.00 against Defendant PYGONG

$75,000.00 against Defendant    Trustand

$75,000.00 against Defendant    xiaoningge

$75,000.00 against Defendant    yangkaidianqu

$75,000.00 against Defendant    Yunwu US

and said judgment remains unsatisfied as to each Defendant.  The Defendants – Judgment Debtors are identified as follows (Identified in Schedule A to the Temporary Restraining Order (a copy is enclosed herewith)):

| Def. No. | Defendant by Seller ID |
|---|---|
| 1 | AEUNZN |
| 2 | Cfotoyo |
| 3 | chuantaidianpu |
| 4 | duocaile |
| 5 | fanson |
| 6 | FashionFront1 |
| 7 | greenlifepro |
| 8 | GUZDGD2 |
| 9 | HAIBOYIBO |
| 10 | jeeplo |
| 11 | Jintai Business |
| 12 | KINYBABY |
| 13 | Lychee Tree |
| 14 | mmango |
| 15 | orag |
| 16 | POLICO Store |
| 17 | Pptabold-US |
| 18 | PYGONG |
| 20 | Trustand |
| 21 | xiaoningge |
| 22 | yangkaidianqu |
| 23 | Yunwu US |

## RESTRAINING NOTICE

**WHEREAS**, it appears that you owe a debt to a judgment debtor, or are in possession or custody of property in which a judgment debtor has an interest. **This debt may include payables owed to a judgment debtor pursuant to a judgment debtor's sale or transfer of assets to you, or any other debt owed by you to a judgment debtor**.

**TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69(a) and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer or interference with any such property or pay over or otherwise dispose of any such debt except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which you as the judgment debtor have an interest hereafter coming into your possession or custody, and all debts hereafter coming due to a judgment debtor.

## CIVIL PRACTICE LAW AND RULES §5222(b)

**Effect of restraint; prohibition of transfer; duration:** A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

## **INFORMATION REQUEST**

Please notify the undersigned immediately of the amount of funds that are restrained pursuant to this Restraining Notice.

Dated: July 3, 2024

/s/ Danielle S. Futterman
Danielle S. Futterman (DY 4228)
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, New York 10165
(212) 292-5390 – Telephone
(212) 292-5391 – Facsimile
dfutterman@ipcounselors.com – Email

Attorneys for Plaintiff - Judgment Creditor
Off-White LLC

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:     (212) 873-0250
Facsimile:      (646) 395-1585
*Attorneys for Plaintiff*
*Off-White LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC, <br><br> *Plaintiff* <br><br> v. <br><br> AEUNZN, CFOTOYO, CHUANTAIDIANPU, DUOCAILE, FANSON, FASHIONFRONT1, GREENLIFEPRO, GUZDGD2, HAIBOYIBO, JEEPLO, JINTAI BUSINESS, KINYBABY, LYCHEE TREE, MMANGO, ORAG, POLICO STORE, PPTABOLD-US, PYGONG, SHENGSHENGKEJI, TRUSTAND, XIAONINGGE, YANGKAIDIANQU, YUNWU US, | 21-cv-9613 (JLR) <br><br> ~~**[PROPOSED]**~~ <br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

ZHENGGUOHUIFUZHUANGDIAN and 偶
说为商贸有限公司,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
|------|-----------|---------------------|
| **Plaintiff or Off-White** | Off-White LLC | N/A |
| **Defendants** | AEUNZN, Cfotoyo, chuantaidianpu, duocaile, fanson, FashionFront1, greenlifepro, GUZDGD2, HAIBOYIBO, jeeplo, Jintai Business, KINYBABY, Lychee Tree, mmango, orag, POLICO Store, Pptabold-US, PYGONG, Trustand, xiaoningge, yangkaidianqu, Yunwu US and zhengguohuifuzhuangdian | N/A |
| **Defaulting Defendants** | AEUNZN, Cfotoyo, chuantaidianpu, duocaile, fanson, FashionFront1, greenlifepro, GUZDGD2, HAIBOYIBO, jeeplo, Jintai Business, KINYBABY, Lychee Tree, mmango, orag, POLICO Store, Pptabold-US, PYGONG, Trustand, xiaoningge, yangkaidianqu, and Yunwu US | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 19, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on November 19, 2021 | Dkt. 7 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 19, 2021 | Dkts. 12-15 |
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application | Dkt. 15 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 14 |

| TRO | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on November 23, 2021 | Dkt. 16 |
|---|---|---|
| PI Show Cause Hearing | December 13, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| PI Order | December 13, 2021 Preliminary Injunction Order | Dkt. 18 |
| User Account(s) | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Off-White Products | A young, successful luxury fashion label founded by American creative designer Virgil Abloh, specializing in men's and women's lifestyle and high-end streetwear, as well as shoes, accessories, jewelry, homeware and other ready-made goods | N/A |
| Off-White Registrations | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012; 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25; 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9; 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25; 5,710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14; 5,150,712 for  for a variety of goods in Class 18 and 25; 5,710,288 for  for a variety | N/A |



of goods in Class 14; 5,307,806 for [img] for a variety of goods in Class 18 and 25; 6,303,583 for [img] for a variety of goods in Class 25; 5,835,552 for [img] for a variety of goods in Class 9; 5,387,983 for [img] for a variety of goods in Class 25; 5,445,222 for [img] for a variety of goods in Class 25; 5,800,414 for [img] for a variety of goods in Class 9 and 25; 5,681,805 for [img] for a variety of goods in Class 9; 5,663,133 for [img] for a variety of goods in Class 25; 6,054,044 for [img] for a variety of goods in Class 25; 6,272,565 for [img] for a variety of goods in Class 25; 6,290,768 for [img] for a variety of goods in Class 25; 6,114,562 for [img] for a variety of goods in Class 25; 6,131,346 for [img] for a variety of goods in Class 18; 6,035,585 for [img] for a variety of goods in Class 25; 6,137,880 for [img] for a variety of goods in

| | | |
|---|---|---|
| | Class 25; and 6,505,708 for  for a variety of goods in Class 14 | |
| **Off-White Application** | U.S. Trademark Serial Application No. 88/041,456  for , for a variety of goods in Class 18 and Class 25 | N/A |
| **Off-White Marks** | The Marks covered by the Off-White Registrations and Off-White Application | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |

| **Amazon Discovery** | The supplemental report identifying Defendants' Infringing Product ID, Merchant ID, Merchant Real Person Name, Email Address, Physical Address, Product Lifetime Units Sold and Product Lifetime GMV, provided by counsel for Amazon to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
| --- | --- | --- |
| **Plaintiff's Renewed Motion for Default Judgment** | Plaintiff's Renewed Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 14, 2024 | TBD |
| **Futterman Aff.** | Affidavit of Danielle S. Futterman in Support of Plaintiff's Renewed Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defendants' unauthorized use of Plaintiff's Off-White Marks, without limitation, in its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Futterman in support of Plaintiff's Renewed Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.     Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly ~~plead~~ pleaded against Defaulting Defendants in the Complaint;

## II.     Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Renewed Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded $75,000.000

in statutory damages ("Defendants' Individual Damages Award") against each and every Defaulting Defendant (a total of twenty-two (22) Defendants) pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for a total of One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00), plus post-judgment interest.

### III. Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

    A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

    B. operation of Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

    C. directly or indirectly infringing in any manner Plaintiff's Off-White Marks;

    D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

    E. using any of Plaintiff's Off-White Marks, or any other marks that are confusingly similar to the Off-White Marks on or in connection with the manufacturing, importing,

exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff; and

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii. Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Off-White Marks or bear any marks that are confusingly similar to the Off-White Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

   B. instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) above.

## IV.   <u>Dissolution of Rule 62(a) Stay</u>

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

## V.   <u>Miscellaneous Relief</u>

1) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

2) The Court releases the Twenty Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: July 3, 2024
    New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
OFF-WHITE LLC,                                              Civil Action No.
                                                            :
                                                            :    **21-cv-9613 (JLR)**
                               Plaintiff,          :
                                                            :
               v.                               :
                                                            :
AEUNZN, et al,                                      **NOTICE TO**
                                                   **JUDGMENT DEBTOR**
                                                            :    **OR OBLIGOR**
                                                            :
                               Defendants    :
                                                            :
------------------------------------------------------------X

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you.  Read this carefully.

YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders.  Such money or property is said to be "exempt".  The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);

2. Social security;

3. Public assistance (welfare);

4. Spousal support, maintenance (alimony) or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions;

9. Veterans benefits;

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing *Restraining Notice* was served via email upon the following:

Amazon.com, Inc.
c/o J'Aimee Crockett
310 Terry Ave N.
Seattle, WA 98109
jaimcroc@amazon.com
tro-notices@amazon.com

on this 3rd day of July 2024.

/s/ Danielle S. Futterman
Danielle S. Futterman