Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:    (212) 873-0250
Facsimile:    (646) 395-1585
*Attorneys for Plaintiff
Off-White LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AEUNZN, CFOTOYO, CHUANTAIDIANPU, DUOCAILE, FANSON, FASHIONFRONT1, GREENLIFEPRO, GUZDGD2, HAIBOYIBO, JEEPLO, JINTAI BUSINESS, KINYBABY, LYCHEE TREE, MMANGO, ORAG, POLICO STORE, PPTABOLD-US, PYGONG, SHENGSHENGKEJI, TRUSTAND, XIAONINGGE, YANGKAIDIANQU, YUNWU US, ZHENGGUOHUIFUZHUANGDIAN AND 偶说为商贸有限公司,<br><br>*Defendants* | **Civil Action No.:**<br>**21-cv-9613 (JLR)**<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND FOR AN ASSET TURNOVER ORDER** |

## **TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ........................................................................................ 1

II. ARGUMENT .................................................................................................................. 2

    A. **PLAINTIFF MAY SEEK ENFORCEMENT OF ITS MONEY JUDGMENT VIA MOTION** ................................................................................ 2

        i. **Amazon's Waiver of Jurisdiction and Willingness to Comply Plaintiff's Requested Turnover Order** ....................................................... 3

        ii. **Despite Amazon's Waiver, This Court Has Personal Jurisdiction over Third Party Service Provider Amazon** ...................... 3

            a) This Court has Specific Jurisdiction Over Amazon ........................ 4

            b) Exercising Personal Jurisdiction Over Defendants Comports with Due Process ............................................................. 6

    B. **PLAINTIFF IS ENTITLED TO A TURNOVER OF FUNDS FROM THIRD PARTY SERVICE PROVIDER AMAZON UNDER N.Y. C.P.L.R. § 5225(b)** ................................................................................................. 7

III. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Allstar Marketing Group LLC. v. Adocfan-US et al.*, Case No. 21 Civ. 3623 (JPO), Dkt. 62 (S.D.N.Y. Dec. 7, 2023) .................................................................................................. 1

*Allstar Mktg. Grp., LLC v. 158*, Case No. 18 Civ. 4101 (GHW), 2019 U.S. Dist. LEXIS 141913 *5 (S.D.N.Y. Aug. 20, 2019) ............................................................................... 2

*Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913 (PAE), 2020 U.S. Dist. LEXIS 239662 (S.D.N.Y. Dec. 21, 2020) ....................................................................... 4, 5

*Beauvais v. Allegiance Secs., Inc.*, No. 91-cv-7289, 942 F.2d 838 (2d Cir. 1991) ........................... 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................. 7

*Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68 (2d Cir. 2018) ..................................... 7

*Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97 (S.D.N.Y. 2015) ............... 7

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010) ....................................... 5

*City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133-134 (2d Cir. 2011) ......................... 3

*Commodities & Minerals Enter. v. CVG Ferrominera Orinoco, C.A.*, No. 16-cv-861, 423 F. Supp. 3d 45 (S.D.N.Y. 2019) ......................................................................................... 8

*CSX Transp., Inc. v. Island Rail Terminal, Inc.*, No. 16-cv-3995, 879 F.3d 462 (2d Cir. 2018) ................................................................................................................................. 3

*Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 850 N.E.2d 1140, 818 N.Y.S.2d 164 (2006) ........................................................................................................ 5

*Dussault v. Republic of Argentina*, No. 14-cv-4235, 616 F. App'x 26 (2d Cir. 2015) ................... 2

*Edelson v. Cheung*, No. 20-mc-1995 (ARR) (SJB), 2023 U.S. Dist. LEXIS 34105 (E.D.N.Y. Mar. 1, 2023) ................................................................................................... 2

*Gucci Am. V. Bank of China*, 768 F.3d 122 (2d Cir. 2014) ........................................................... 4

*Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228 (S.D.N.Y. 2010) ................. 6

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ...................................................................... 7

*Kelly Toys Holdings, LLC v. 19885566 Store, et al.*, 22-cv-0384 (JMF), 2023 U.S. Dist. LEXIS 113220 (S.D.N.Y. Jun. 29, 2023) ........................................................................ 4, 5

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161 (2d Cir. 2013) ...................... 4

*Lopez v. Shopify, Inc.*, No. 16 Civ. 9761, 2017 U.S. Dist. LEXIS 77708 (S.D.N.Y. May 23, 2017) ........................................................................................................................... 4

*Motorola Credit Corp. v. Uzan*, 132 F. Supp. 3d 518, 2015 U.S. Dist. LEXIS 129103 (S.D.N.Y. 2015) .................................................................................................................... 4

*New York v. Panzirer*, 23 A.D.2d 285 (1st Dept. 1965) ...................................................................... 9

*Smart Study Co., Ltd. v. Acuteye-US, et al.*, Case No. 21 Civ. 5860 (GHW), Dkt. 151 (S.D.N.Y. Apr. 18, 2024) .............................................................................................. 1

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100 (2d Cir. 2006) .................. 4

*Spin Master, Ltd. v. 158*, 463 F. Supp. 3d 348 (S.D.N.Y. 2020) ...................................................... 7

*The Pinkfong Company, Inc. v. ADS-SS*, Case No. 23 Civ. 3793 (AS), Dkt. 58 (S.D.N.Y. Feb. 15, 2024) ................................................................................................................ 3

*The Pinkfong Company, Inc. v. ADS-SS*, Case No. 23 Civ. 3793 (AS), Dkt. 60 (S.D.N.Y. Feb. 29, 2024) ................................................................................................................ 1

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Off-White** | Off-White LLC | N/A |
| **Defendants** | AEUNZN, Cfotoyo, chuantaidianpu, duocaile, fanson, FashionFront1, greenlifepro, GUZDGD2, HAIBOYIBO, jeeplo, Jintai Business, KINYBABY, Lychee Tree, mmango, orag, POLICO Store, Pptabold-US, PYGONG, Trustand, xiaoningge, yangkaidianqu, Yunwu US and zhengguohuifuzhuangdian | N/A |
| **Defaulting Defendants** | AEUNZN, Cfotoyo, chuantaidianpu, duocaile, fanson, FashionFront1, greenlifepro, GUZDGD2, HAIBOYIBO, jeeplo, Jintai Business, KINYBABY, Lychee Tree, mmango, orag, POLICO Store, Pptabold-US, PYGONG, Trustand, xiaoningge, yangkaidianqu, and Yunwu US | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 19, 2021 | 1 |
| **Complaint** | Plaintiff's Complaint filed on November 19, 2021 | 7 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 19, 2021 | 12-15 |
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application | 15 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 14 |

| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on November 23, 2021 | 16 |
|---|---|---|
| **PI Show Cause Hearing** | December 13, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | December 13, 2021 Preliminary Injunction Order | 18 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Off-White Products** | A young, successful luxury fashion label founded by American creative designer Virgil Abloh, specializing in men's and women's lifestyle and high-end streetwear, as well as shoes, accessories, jewelry, homeware and other ready-made goods | N/A |
| **Off-White Registrations** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012; 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25; 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9; 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25; 5,710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14; 5,150,712 for ▨ for a variety of goods in Class 18 and 25; 5,710,288 for ▨ for a variety | N/A |



| | | |
|---|---|---|
| | of goods in Class 14; 5,307,806 for for a variety of goods in Class 18 and 25; 6,303,583 for for a variety of goods in Class 25; 5,835,552 for for a variety of goods in Class 9; 5,387,983 for for a variety of goods in Class 25; 5,445,222 for for a variety of goods in Class 25; 5,800,414 for for a variety of goods in Class 9 and 25; 5,681,805 for for a variety of goods in Class 9; 5,663,133 for for a variety of goods in Class 25; 6,054,044 for for a variety of goods in Class 25; 6,272,565 for for a variety of goods in Class 25; 6,290,768 for for a variety of goods in Class 25; 6,114,562 for for a variety of goods in Class 25; 6,131,346 for for a variety of goods in Class 18; 6,035,585 for for a variety of goods in Class 25; 6,137,880 for for a variety of goods in | |

Case 1:21-cv-09613-JLR   Document 65   Filed 07/08/24   Page 8 of 19

| | | |
|---|---|---|
| | Class 25; and 6,505,708 for for a variety of goods in Class 14 | |
| **Off-White Application** | U.S. Trademark Serial Application No. 88/041,456 for ![zip tie], for a variety of goods in Class 18 and Class 25 | N/A |
| **Off-White Marks** | The Marks covered by the Off-White Registrations and Off-White Application | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |

| **Amazon Discovery** | The supplemental report identifying Defendants' Infringing Product ID, Merchant ID, Merchant Real Person Name, Email Address, Physical Address, Product Lifetime Units Sold and Product Lifetime GMV, provided by counsel for Amazon to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
|---|---|---|
| **Plaintiff's Renewed Motion for Default Judgment** | Plaintiff's Renewed Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 14, 2024 | 57-60 |
| **Futterman Aff.** | Affidavit of Danielle S. Futterman in Support of Plaintiff's Renewed Motion for Default Judgment | 58 |
| **Final DJ Order** | The Final Default Judgment entered against Defaulting Defendants by the Court on July 3, 2024 | 62 |
| **Motion for a Turnover Order** | Plaintiff's Motion for an Order Directing the Turnover of Funds from Third Party Service Provider Amazon | TBD |
| **Nastasi Turnover Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Motion for a Turnover Order | TBD |

Plaintiff respectfully submits this Memorandum of Law and the accompanying Declaration of Gabriela N. Nastasi in support of its Motion to Reopen the Case and for a Turnover Order pursuant to N.Y. C.P.L.R. § 5225, made applicable under Fed. R. Civ. P. Rule 69(a).[1]

## I.    FACTUAL BACKGROUND

In the interest of brevity, the complete factual background and procedural history in this action are omitted since the facts have already been adjudicated and a final judgment was entered (Dkts. 57-60; 62). Accordingly, only the relevant procedural background is discussed herein. On December 3, 2021, Amazon provided Plaintiff with the expedited discovery ordered in the TRO, which included, *inter alia*, the amount of Defendants' Frozen Assets in each and every Defaulting Defendant's Amazon account. (Nastasi Turnover Dec., ¶ 12). Defendants' Frozen Assets in Defaulting Defendants' Amazon accounts remained frozen by Amazon throughout the pendency of the action pursuant to the PI Order. *Id*. at ¶ 13. On June 14, 2023, Plaintiff filed its Motion for Default Judgment. *Id*. at ¶ 14. On July 3, 2024, the Court entered a Final DJ Order against Defaulting Defendants, awarding Plaintiff $75,000.00 against each and every Defaulting Defendant. *Id*. at ¶ 15. On the same day, July 3, 2024, Plaintiff's counsel served a restraining notice on Amazon in accordance with N.Y. C.P.L.R. § 5222. *Id*. at ¶ 16. As of the date of the instant motion, the judgment against each and every Defaulting Defendant remains due and unpaid. *Id*. at ¶ 17. Accordingly, Plaintiff respectfully submits the instant memorandum of law in support of its motion to reopen the case and for an Order directing the turnover of Defendants' Frozen Assets held by Third Party Service Provider Amazon pursuant to N.Y. C.P.L.R. § 5225, made applicable

---

[1] *See Moonbug Entertainment Limited, et al. v. Chengshangpengruihanxian et al.*, Case No. 23-cv-2757 (JPO), Dkt. 48 (S.D.N.Y. May 29, 2024) ) (granting plaintiffs' asset turnover motion); *Smart Study Co., Ltd. v. Acuteye-US, et al.*, Case No. 21 Civ. 5860 (GHW), Dkt. 151 (S.D.N.Y. Apr. 18, 2024) (same); *The Pinkfong Company, Inc. v. ADS-SS*, Case No. 23 Civ. 3793 (AS), Dkt. 60 (S.D.N.Y. Feb. 29, 2024) (same); *Allstar Marketing Group LLC. v. Adocfan-US et al.*, Case No. 21 Civ. 3623 (JPO), Dkt. 62 (S.D.N.Y. Dec. 7, 2023) (same).

1

under Fed. R. Civ. P. Rule 69(a).

## II.   ARGUMENT

### A. PLAINTIFF MAY SEEK ENFORCEMENT OF ITS MONEY JUDGMENT VIA MOTION[2]

Per Federal Rule of Civil Procedure 69(a)(1), in a motion to enforce a federal money judgment, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution— must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). This motion therefore follows the turnover proceeding provided in N.Y. C.P.L.R. § 5225 which states, in pertinent part,

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money . . . .

N.Y. C.P.L.R. § 5225(b).

N.Y. C.P.L.R. § 5225(b) is "a statutory provision that 'creates a remedy for judgment creditors in situations where property of a judgment debtor is in the possession or custody or a third party,' and the judgment creditor claims an entitlement or superior right to the money. . . ." *Edelson v. Cheung*, No. 20-mc-1995 (ARR) (SJB), 2023 U.S. Dist. LEXIS 34105, *6-7 (E.D.N.Y. Mar. 1, 2023) (citing *Dussault v. Republic of Argentina*, No. 14-cv-4235, 616 F. App'x 26, 27 (2d Cir. 2015)). Because there is no provision for such a special proceeding under the Federal Rules of Civil Procedure, "a party seeking a money judgment against a non-party garnishee may proceed by motion" under Rule

---

[2] In a factually similar matter before this Court, albeit involving a different e-commerce platform, Wish.com, which is headquartered in San Francisco, California, the Hon. Gregory H. Woods instructed that "[i]f Plaintiff wishes to enforce its monetary judgment, it *must* do so in accordance with the procedures set forth by New York law, specifically C.P.L.R. Article 52." *Allstar Mktg. Grp., LLC v. 158*, Case No. 18 Civ. 4101 (GHW), 2019 U.S. Dist. LEXIS 141913 *5 (S.D.N.Y. Aug. 20, 2019). That is precisely what Plaintiff has done here.

2

69(a) and "need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, No. 16-cv-3995, 879 F.3d 462, 469-70 (2d Cir. 2018).

### i. Amazon's Waiver of Jurisdiction and Willingness to Comply Plaintiff's Requested Turnover Order

In a recent factually similar matter, after being served with the plaintiff's asset turnover motion, Amazon filed a response to the plaintiff's motion, which stated, *inter alia*, "[w]ithout taking a position on [the merits of whether the court has personal jurisdiction over Amazon for this matter], Amazon agrees not to challenge personal jurisdiction in this particular case and is prepared to comply with any turnover order issued by the Court."[3] The Court accepted Amazon's response, and granted the plaintiff's asset turnover motionjuWith respect to the instant action, Amazon's counsel has informed Plaintiff that its position is the same and advised that Amazon agrees (1) not to challenge personal jurisdiction, and (2) to comply with the turnover order sought by Plaintiff herein. (Nastasi Turnover Dec., ¶ 18). Since Amazon has explicitly agreed not to challenge personal jurisdiction nor raise any jurisdictional defenses, Amazon effectively waives personal jurisdiction, resulting in its "legal submission to the jurisdiction of the court." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133-134 (2d Cir. 2011). While Plaintiff maintains, as outlined herein, that this Court has specific jurisdiction over Amazon, Amazon's position is an effective waiver of the issue of personal jurisdiction, and there remains no question as to this Court's jurisdiction over Amazon in deciding this matter. Despite Amazon's position, Plaintiff will promptly serve the instant motion upon Amazon to provide Amazon with notice of the same and an opportunity to respond.

### ii. Despite Amazon's Waiver, This Court Has Personal Jurisdiction over Third Party Service Provider Amazon

---

[3] *See The Pinkfong Company, Inc. v. ADS-SS*, Case No. 23 Civ. 3793 (AS), Dkt. 58 (S.D.N.Y. Feb. 15, 2024).

As a threshold matter, this Court has personal jurisdiction over Amazon. "Courts, including the Second Circuit, 'have adapted the test for civil defendants . . . in assessing . . . whether they may properly exercise jurisdiction over a nonparty.'" *Kelly Toys Holdings, LLC v. 19885566 Store, et al.*, 22-cv-0384 (JMF), 2023 U.S. Dist. LEXIS 113220, *7 (S.D.N.Y. Jun. 29, 2023) (quoting *Gucci Am. v. Bank of China*, 768 F.3d 122, 136-37 (2d Cir. 2014)). In deciding a question of personal jurisdiction over a foreign corporate entity, district courts (1) look to the laws of the forum state and (2) assess whether jurisdiction over the foreign entity comports with constitutional due process requirements. *Motorola Credit Corp. v. Uzan*, 132 F. Supp. 3d 518, 520, 2015 U.S. Dist. LEXIS 129103 (S.D.N.Y. 2015) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)). New York provides two bases to obtain jurisdiction over a foreign entity: general and specific. *See* N.Y. CPLR § 301 (general) and N.Y. C.P.L.R. § 302(a) (specific). Personal jurisdiction over Amazon exists pursuant to N.Y. C.P.L.R. § 302(a). Furthermore, this Court's exercise of jurisdiction over Amazon comports with due process.

    **a)** ***This Court has Specific Jurisdiction Over Amazon***

Pursuant to N.Y. C.P.L.R. § 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1); *see also Lopez v. Shopify, Inc.*, No. 16 Civ. 9761, 2017 U.S. Dist. LEXIS 77708, *8-9 (S.D.N.Y. May 23, 2017). Under N.Y. C.P.L.R. § 302(a)(1), two conditions must be satisfied: (1) the defendant must transact business in New York and (2) the cause of action must arise from such business transaction, which requires a showing that the contacts with the state had a 'substantial relationship' to the cause of action. *Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913 (PAE), 2020 U.S. Dist. LEXIS 239662 *22 (S.D.N.Y. Dec. 21, 2020) (citing *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). N.Y. C.P.L.R. § 302(a)(1)

4

is a "single act" statute, meaning that "the defendant need not have engaged in more than one transaction in, or directed to, New York for New York courts to exercise jurisdiction." *Astor Chocolate Corp.*, 2020 U.S. Dist. LEXIS 239662 at 22 (citing *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71, 850 N.E.2d 1140, 818 N.Y.S.2d 164 (2006)).

As courts in this circuit have regularly held, the exercise of jurisdiction over a website is appropriate where, as here, they are "'interactive' websites that enable Defendants and other companies to sell and ship counterfeit products to consumers in New York," *Kelly Toys Holdings*, 2023 U.S. Dist. LEXIS 113220 at *7 (finding jurisdiction over the non-party operators of Alibaba.com and Aliexpress.com) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 251-52 (2d Cir. 2007) (explaining that a website's "interactivity" is relevant to assessing whether the defendant "transacts any business" in the forum state); Nastasi Turnover Dec., ¶¶ 2-11. As in *Kelly Toys Holdings*, consumers can search Amazon to find counterfeit Off-White Products and order them to New York. (Nastasi Turnover Dec., ¶¶ 6-10). Specifically, with respect to the Defaulting Defendants in this action, Epstein Drangel verified that each and every Defaulting Defendant provided shipping services through Amazon to the New York Address, and even made purchases of a handful of Defaulting Defendants' Counterfeit Products which were sent to the New York Address using Amazon's logistics and shipping services. (Nastasi Dec., ¶¶ 20-22; Nastasi Turnover Dec., ¶¶ 6-10). *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) (noting that the "single act of shipping a counterfeit" product may be enough to satisfy personal jurisdiction). Amazon, in its offering for sale, selling and shipping of Counterfeit Products to New York clearly transacts business in New York, and such transactions are the basis of the underlying action. Jurisdiction over Amazon is also appropriate under N.Y. C.P.L.R. § 302(a)(3). Section 302(a)(3) of New York's Long-Arm Statute provides for jurisdiction over an out-of-state defendant who

"commits a tortious act without the state causing injury to person or property within the state" if the defendant (i) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or servicers rendered in the state" or (ii) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3).

It is without question that Amazon, through its entire business model and specific actions discussed herein attempts to target serve the New York market. Amazon itself derives a substantial financial benefit from the sale of goods on its platform by third-party sellers, such as Defaulting Defendants. (Nastasi Turnover Dec., ¶ 5). In 2022, Amazon reported third-party seller service revenue of $117.7 billion, representing 23% of Amazon's total revenue. *Id*. Defaulting Defendants created User Accounts on Amazon and in turn Amazon provided Defaulting Defendants' services to enable the listing of Counterfeit Products for sale on their Merchant Storefronts. *Id*. at ¶ 6. Amazon facilitated the advertisement, shipment, offering for sale and/or sale of Counterfeit Products to New York by Defaulting Defendants. *Id*. at ¶ 7. Further, Amazon holds and transfers funds derived from Defaulting Defendants' Merchant Storefronts to Defaulting Defendants and/or bank accounts that Defaulting Defendants identify to Amazon. *Id*. at ¶ 11. Amazon thus clearly provides services to sellers, i.e., Defaulting Defendants, that offer for sale and/or have sold Counterfeit Products to New York. *See Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 242-43 (S.D.N.Y. 2010) (holding, under N.Y. C.P.L.R. § 302(a)(3)(ii), that the court could exercise personal jurisdiction over out-of-state credit card processing services because they provide services to companies that sold infringing products into New York).

  b) ***Exercising Personal Jurisdiction Over Defendants Comports with Due Process***

Plaintiff must also "demonstrate that the exercise of jurisdiction comports with due

6

process." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81-82 (2d Cir. 2018) (internal alterations omitted); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Due Process Clause of the Constitution requires minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Spin Master, Ltd. v. 158*, 463 F. Supp. 3d 348, 366 (S.D.N.Y. 2020)(quoting *Int'l Shoe* 326 U.S. at 316). As discussed herein, Amazon regularly conducts, transacts and/or solicits business in New York and derives substantial revenue from goods and/or services used and/or consumed in New York specifically in connection with the unlawful conduct by Defaulting Defendants, which has caused injury to Plaintiff in New York. (Nastasi Dec., ¶¶ 3-9, 14-15, 17-22; Nastasi Turnover Dec., ¶¶ 2-11). Amazon intentionally directs its business activity towards the New York market, thereby purposefully availing itself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Best Van Lines, Inc.*, 490 F.3d at 243; *see also* Nastasi Turnover Dec., ¶¶ 2-11. Moreover, "as a practical matter, the Due Process Clause permits the exercise of jurisdiction in a broader range of circumstances than N.Y. C.P.L.R. § 302, and a foreign defendant meeting the standards of § 302 will satisfy the due process standard." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008).; *see also Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015) ("Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonable requirements of due process have similarly been met."). Accordingly, Plaintiff respectfully submits that this Court has personal jurisdiction over Amazon, and proceeding via motion is appropriate.

**B. PLAINTIFF IS ENTITLED TO A TURNOVER OF FUNDS FROM THIRD PARTY**

**SERVICE PROVIDER AMAZON UNDER N.Y. C.P.L.R. § 5225(b)**

Under N.Y. C.P.L.R. § 5225, Courts follow a two-step analysis in determining whether property belonging to a judgment debtor—but in the possession of a third party—should be turned over to a judgment creditor. *Beauvais v. Allegiance Secs., Inc.*, No. 91-cv-7289, 942 F.2d 838, 840 (2d Cir. 1991). To obtain a turnover order under N.Y. C.P.L.R. § 5225(b), the judgment creditor must show that: (1) "the judgment debtor 'has an interest' in the property the creditor seeks to reach"; and (2) either "the judgment debtor is 'entitled to the possession of such property' or 'the judgment creditor's rights to the property are superior' to those of the party" currently possessing the property. *Id.* (quoting N.Y. C.P.L.R. § 5225(b)). "Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor. . . ." *Id.* at 840-41.

Here, both requirements are easily satisfied. First, the Defaulting Defendants have an interest in the property that Plaintiff seeks to reach. Plaintiff seeks a turnover of Defaulting Defendants' own money, which is at least partially, if not completely, the proceeds of Defaulting Defendants' sales of Counterfeit Products. Defaulting Defendants opened User Accounts on Amazon through which they created their Merchant Storefronts through which they offered for sale and/or sold Counterfeit Products and the proceeds were held in Defendants' Financial Accounts with Amazon. (Nastasi Turnover Dec., ¶¶ 6, 11). As Defendants' Financial Accounts were opened by Defaulting Defendants and are currently held in Defaulting Defendants' names, Defaulting Defendants plainly have an interest in the funds. *Beauvais*, 942 F.2d, at 841 ("[a] debtor obviously has an interest in its own money or property held by a third party. . . ."); *see also Commodities & Minerals Enter. v. CVG Ferrominera Orinoco, C.A.*, No. 16-cv-861, 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) (reaching a judgment debtor's own account satisfies the first prong of *Beauvais*). Second, Defaulting Defendants are entitled to the possession of such property. But for Plaintiff's Final DJ Order and restraining notice

8

to Amazon, Defaulting Defendants would be entitled to possession of the funds held in their respective Amazon accounts. (Nastasi Turnover Dec., ¶ 11). To the extent that the restraining notices limit Defaulting Defendants' ability to access their funds held by Amazon, such notice does not take precedence over, and is voided by, the Court's issuance of a turnover order. *See New York v. Panzirer*, 23 A.D.2d 285, 263 (1st Dept. 1965) ("[R]estraining notices serve the purpose of preventing the third person or garnishee from surrendering the debtor's assets **pending obtaining of a turnover order**.") (emphasis added). Accordingly, as Plaintiff demonstrates that both prongs of *Beauvais* are met, this Court should issue a turnover order compelling Amazon to release Defaulting Defendants' funds to Plaintiff.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits that it is entitled to a turnover of funds from Amazon under N.Y. C.P.L.R. § 5225(b), made applicable under Fed. R. Civ. P. Rule 69(a), and accordingly respectfully requests that the Court reopen the case and grant its motion for an Order requesting the same.

Dated:  July 8, 2024                                     Respectfully submitted,

                                                         EPSTEIN DRANGEL LLP

                                           BY:    /s/ Gabriela N. Nastasi
                                                  Gabriela N. Nastasi
                                                  gnastasi@ipcounselors.com
                                                  Jason M. Drangel (JD 7204)
                                                  jdrangel@ipcounselors.com
                                                  Ashly E. Sands (AS 7715)
                                                  asands@ipcounselors.com
                                                  Danielle S. Futterman (DY 4228)
                                                  dfutterman@ipcounselors.com
                                                  EPSTEIN DRANGEL LLP
                                                  60 East 42nd Street, Suite 1250
                                                  New York, NY 10165
                                                  Telephone: (212) 292-5390
                                                  Facsimile: (212) 292-5391

                                        Brian Igel (BI 4574)
                                        bigel@bilawfirm.com
                                        BELLIZIO + IGEL PLLC
                                        One Grand Central Place
                                        305 Madison Avenue, 40th Floor
                                        New York, New York 10165
                                        Telephone:     (212) 873-0250
                                        Facsimile:     (646) 395-1585
                                        *Attorneys for Plaintiff*
                                        *Off-White LLC*