UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE, LLC, <br><br>                     Plaintiff, <br><br> -against- <br><br> AEUNZN, et al., <br><br>                     Defendants. | Case No. 1:21-cv-09613 (JLR) <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Off-White, LLC ("Plaintiff") has obtained a final default judgment, permanent injunction, and judgment of statutory damages against Defendants AEUNZN, Cfotoyo, chuantaidianpu, duocaile, fanson, FashionFront1, greenlifepro, GUZDGD2, HAIBOYIBO, jeeplo, Jintai Business, KINYBABY, Lychee Tree, mmango, orag, POLICO Store, Pptabold-US, PYGONG, Trustand, xiaoningge, yangkaidianqu, and Yunwu US (together, "Defaulting Defendants"). Dkt. 62 ("Final Default Judgment"). The Court's judgment awarded $75,000.00 against each Defaulting Defendant pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(c), for a total of $1,650,000.00, plus post-judgment interest. *Id.* at 6-7. Proceeding under Federal Rule of Civil Procedure ("Rule") 69 and New York Civil Practice Law and Rules ("CPLR") Section 5225(b), Plaintiff now moves for an order reopening the case and compelling nonparty Amazon, Inc. ("Amazon") to turn over the assets of Defaulting Defendants in its possession that are or were otherwise due and owing to Plaintiff. Dkt. 63 ("Mot.") at 2. The motion is unopposed.

      Based on Plaintiff's written submissions, and for the following reasons, the Court grants Plaintiff's motion for a turnover order as to the assets of the Defaulting Defendants held by Amazon.

1

## BACKGROUND

Off-White is the owner of a high-end lifestyle streetwear line of men's and women's apparel, as well as other products ("the Off-White Products") marketed under the trademarks of Off-White™ and Off-White c/o Virgil Abloh™. Final Default Judgment at 2. Amazon is a publicly traded company that allows "manufacturers and other third-party merchants, like Defaulting Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York." Dkt. 64 ("Nastasi Decl.") ¶ 2. Defaulting Defendants opened user accounts on Amazon, through which they created "Merchant Storefronts." *Id.* ¶ 6. Defaulting Defendants used these Merchant Storefronts to sell and/or offer for sale counterfeit products, i.e., "[p]roducts bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products." Final Default Judgment at 4; *see* Nastasi Decl. ¶ 6. "Amazon facilitates the advertisement, shipment, offering for sale and/or sale of Counterfeit Products to New York by Defaulting Defendants," Nastasi Decl ¶ 7; Amazon also "regularly conducts, transacts, and/or solicits business in New York and derives substantial revenue from goods and/or services used and/or consumed in New York[,] specifically in connection with the unlawful conduct by Defaulting Defendants," *id.* ¶ 8.

Following this Court's entry of a temporary restraining order, Dkt. 16, Amazon was ordered to freeze Defendants' Merchant Storefronts, *id.* at 8; Nastasi Decl. ¶ 12. The funds remained frozen by Amazon throughout the pendency of this action, pursuant to the Court's subsequent Preliminary Injunction. Dkt. 18; Nastasi Decl. ¶ 13. On June 14, 2024, Plaintiff

filed its Motion for Default Judgment. Dkt. 57; Nastasi Decl. ¶ 14. On July 3, 2024, the Court entered the Final Default Judgment; on the same day, Plaintiff's counsel served a restraining notice on Amazon in connection with that Judgment. Nastasi Decl. ¶¶ 15-16; Dkt. 64-2. The entire amount of statutory damages and post-judgment interest against each Defaulting Defendant remains due and unpaid. Nastasi Decl. ¶ 17. On July 8, 2024, Plaintiff moved for entry of a turnover order. *See generally* Mot. No opposition was filed by the Defaulting Defendants. Amazon also informed Plaintiff that it agrees not to challenge personal jurisdiction and to comply with the turnover order sought by Plaintiff. Nastasi Decl. ¶ 18.

## LEGAL STANDARDS

This proceeding is governed by Rule 69(a), which provides in part that "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a); *see also N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 581 (S.D.N.Y. 2012) (same). Here, the relevant state law procedure is found in CPLR Section 5225(b), which provides that:

> [u]pon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor . . . .

N.Y. C.P.L.R. § 5225(b); *see also CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018). This motion is properly brought under Rule 69(a), rather than a

3

special proceeding under New York state law, "as long as the court has personal jurisdiction over the garnishee." *CSX Transp.*, 879 F.3d at 469.

**I.    Personal Jurisdiction**

"Personal jurisdiction over a foreign corporate entity depends on (1) the laws of the forum state and (2) whether jurisdiction over the foreign entity comports with constitutional due process requirements." *Motorola Credit Corp. v. Uzan*, 132 F. Supp. 3d 518, 520 (S.D.N.Y. 2015). New York law permits both general and specific personal jurisdiction. *See* N.Y. C.P.L.R. §§ 301, 302(a). "A foreign corporation is amenable to jurisdiction under [N.Y.] CPLR section 301 if it is 'doing business' in New York state." *Gallelli v. Crown Imps., LLC*, 701 F. Supp. 2d 263, 271 (S.D.N.Y. 2010). "A foreign corporation is 'doing business' if it engages in 'such a continuous and systematic course of doing business' sufficient to support a finding of its presence in New York." *Id.* (quoting *Laufer v. Ostrow*, 434 N.E.2d 692, 694 (1982)).

If New York's long-arm statute permits the exercise of jurisdiction, the court considers the totality of the party's contacts with the forum state and whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). The Second Circuit has found the exercise of personal jurisdiction permissible where, among other things, a company operates a website that "offer[s] [products] for sale to New York consumers, permitted New York consumers to purchase such [products], and facilitated the shipment of those [products] into New York." *Id.*; *see also Kelly Toys Holdings, LLC v. 19885566 Store*, No. 22-cv-09384 (JMF), 2023 WL 4288356, at *3 (S.D.N.Y. June 29, 2023) (similar), *vacated in part on other grounds on reconsideration*, 2024 WL 532290 (S.D.N.Y. Feb. 9, 2024).

Parties may also waive or consent to personal jurisdiction. *See Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 117 (2d Cir. 2023) ("[P]ersonal jurisdiction is an individual right that may be purposely waived or inadvertently forfeited." (internal quotation marks omitted)); *Fuld v. Palestine Liberation Org.*, 578 F. Supp. 3d 577, 585-86 (S.D.N.Y. 2022) (similar), *aff'd*, 82 F.4th 74 (2d Cir. 2023). For example, parties to a contract can agree in advance to submit to the jurisdiction of a court, *Fuld*, 578 F. Supp. 3d at 585; they can also waive personal jurisdiction by failing to timely raise it in the initial responsive pleading, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011).

## II.   Propriety of Turnover Order

The Second Circuit has set forth a two-step process for turnover requests where a judgment creditor alleges that property belongs to a judgment debtor but is in the hands of a third party. *See N. Mariana Islands*, 845 F. Supp. 2d at 583. First, "it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach.'" *Id.* (quoting *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 841 (2d Cir. 1991)). If the court finds this step satisfied, it must make one of two findings: "it must find either that the judgment debtor is entitled to the possession of such property, *or* it must find that the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Id.* (quoting *Beauvais*, 942 F.2d at 841 (internal quotation marks omitted)).

## DISCUSSION

## I.   Personal Jurisdiction

The Court finds that it has personal jurisdiction over Amazon. CPLR Section 302(a) permits the exercise of specific jurisdiction over Amazon, which transacts business in New York by offering for sale, selling, and shipping the Counterfeit Products to New York. *See Chloé*, 616 F.3d at 170. The exercise of jurisdiction also comports with due process: Amazon

5

"regularly conducts, transacts, and/or solicits business in New York and derives substantial revenue from goods and/or services used and/or consumed in New York[,] specifically in connection with the unlawful conduct by Defaulting Defendants." Nastasi Decl. ¶ 8. The Court concludes that Amazon has availed itself of the privilege of doing business in New York. Amazon also has not filed any objection and has informed Plaintiff that it agrees not to challenge personal jurisdiction and to comply with the turnover order sought by Plaintiff. Nastasi Decl. ¶ 18. Therefore, the Court may exercise personal jurisdiction over Amazon consistent with the Due Process Clause.

## II.     Turnover Order

Moving next to the turnover order, both *Beauvais* requirements are met. First, the Defaulting Defendants have "'an interest' in the property the creditor seeks to reach." *Beauvais*, 942 F.2d at 841. Off-White seeks the turnover of Defaulting Defendants' assets, presently held by Amazon, in order to satisfy the Final Default Judgment entered by this Court in the amount of $75,000 against each Defaulting Defendant. *See* Nastasi Decl. ¶ 15; Mot. at 2. The Defaulting Defendants "opened User Accounts on Amazon through which they created their Merchant Storefronts which they used to sell and/or offer for sale Counterfeit Products," Nastasi Decl. ¶ 6; Amazon, in turn, "holds and transfers funds derived from its seller's Merchant Storefronts to the sellers and/or bank accounts that its sellers identify to Amazon," *id.* ¶ 11. The funds in Defaulting Defendants' Amazon accounts have remained frozen throughout the pendency of this action. *Id.* ¶ 13. Defaulting Defendants clearly have an interest in "[their] own money . . . held by a third party." *Beauvais*, 942 F.2d at 841.

As to the second step, Off-White can demonstrate that its rights to the assets held by Amazon are superior to Amazon's. This Court entered judgment in favor of Plaintiff and

6

awarded statutory damages under the Lanham Act of $75,000.00 against each Defaulting Defendant. Final Default Judgment at 6-7. As a result, Plaintiff's right to the assets is superior to Amazon's. *See Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) (judgment creditor's rights were superior to bank in possession of the judgment debtor's funds where judgment creditor had obtained a valid final judgment against the judgment debtor, who had made no effort to satisfy the judgment). In addition, Amazon does not assert any superior interest in the assets. Accordingly, the Court finds that Off-White's interest in the assets frozen by Amazon is superior to Amazon's and that Off-White has satisfied the second *Beauvais* prong.

Finding *Beauvais* satisfied, the Court authorizes the issuance of the turnover orders with respect to the assets held by Amazon.

## CONCLUSION

For these reasons, the Court grants Plaintiff's motion to reopen the case and enter an order pursuant to Rule 29 and CPLR § 5225(b) directing the turnover of Defaulting

Defendants' Assets from Amazon. Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1) The restraints on Defaulting Defendants' Financial Accounts held by Amazon are lifted for the sole purpose of effecting the transfer of all Defaulting Defendants' Assets to Plaintiff; and

2) Amazon shall turn over all of Defaulting Defendants' Assets held in Defaulting Defendants' User Accounts with Amazon, or so much of it as is sufficient to satisfy the judgment to Plaintiff.

Dated: November 1, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge